UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| SAMUEL W. HOPKINS, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | Case No. 4:05CV282 HEA |
| GENERAL MOTORS, | ) | |
| Defendants | ) | |

# OPINION, MEMORANDUM AND ORDER

This matter is before the Court on Defendant's Motion to Dismiss, [# 7], which was filed by Defendants on April 18, 2005. To date, Plaintiff has not responded to the motion.[1] For the reasons set forth below, Defendant's motion is denied.

## Facts and Background[2]

Plaintiff, Samuel Wilson (*pro se*), brings this cause of action pursuant to Title VII of the Civil Rights Act of 1964, as amended, and/or the Americans with Disabilities Act, for discrimination he experienced as an employee for Defendant General Motors. Plaintiff alleges in his Complaint that Defendant General Motors discriminated against him by claiming Plaintiff was "not mentally and physically able to work for them."

---

[1] Rule 7-4.01(B) of the Local Rules requires that each party opposing a motion *shall* file a response within five days of being served with the motion. The Court could construe Plaintiff's failure to respond to Defendant's motion as a concession. However, in light of the fact that Plaintiff is *pro se*, the Court will consider the motion on the merits.

[2] The recitation of facts is taken from the parties' pleadings and is set forth for the purposes of this Order only. The recitation in no way relieves the parties of any proof thereof in future proceedings.

Plaintiff filed charges against Defendant for the alleged discrimination with the Equal Employment Opportunity Commission (EEOC) and the Missouri Commission on Human Rights (MCHR) on October 31, 2004. The record reveals that the EEOC issued Plaintiff a Notice of Right to Sue Letter on November 12, 2004. Ninety-four (94) days later, on February 14, 2005, Plaintiff filed a Form-Complaint in the Eastern District of Missouri, which is an unverified, fill-in-the-blanks type of form provided to plaintiffs for ease of use and filing. In the Complaint, Plaintiff was asked to indicate the date on which the Notice of Right to Sue Letter was *received* from the EEOC. In response, Plaintiff inserted the date "November 12, 2004." The letter itself, however, which was filed as an attachment to the Complaint, indicates that November 12, 2004 was the date the EEOC issued the letter and mailed it to Plaintiff. It is unclear from the record how long after the letter was issued and mailed that Plaintiff actually received it.

Defendant now argues that pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, Plaintiff's Complaint fails to state a claim which would entitle him to relief. Defendant contends Plaintiff's federal discrimination claims are barred due to Plaintiff's failure to file suit within ninety days after receipt of the EEOC right to sue letter in accordance with 42 U.S.C. § 2000e-5(f)(1).

## Standard of Review

The purpose of a motion under Rule 12(b)(6) is to test the sufficiency of the complaint. When ruling on a motion to dismiss, this Court must take the allegations of the complaint as true. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)*; Midwestern Machinery, Inc.*, 167 F.3d 439, 441 (8th Cir.1999). The complaint must be liberally construed in a light most favorable to the plaintiff. *Midwestern Machinery,* 167 F.3d at 441; *Springdale Educ. Ass'n v. Springdale Sch. Dist.,* 133 F.3d 649, 651 (8th Cir.1998). "In considering a motion to dismiss, courts accept the plaintiff's factual allegations as true, but reject conclusory allegations of law and unwarranted inferences." *Silver v. H & R Block, Inc.,* 105 F.3d 394, 397 (8th Cir.1997). But a motion to dismiss should not be granted merely because a complaint does not state with precision every element of the offense necessary for recovery. *Roberts v. Walmart Stores, Inc.,* 736 F. Supp. 1527, 1528 (E.D. Mo. 1990). "A complaint is sufficient if it contains allegations from which an inference can be drawn that evidence on these material points will be introduced at trial." *Id.* Therefore, a motion to dismiss a complaint should not be granted unless it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim entitling him to relief. *Conley,* 355 U.S. at 45-46.

## Discussion

Defendant argues that Plaintiff's federal discrimination claims are barred pursuant to 42 U.S.C. § 2000e-5(f)(1), which requires a plaintiff to file suit within

- 3 -

ninety days of receiving a right to sue letter from the EEOC. *See Nix v. Equitable Life Assurance Society,* 762 F. Supp. 862, 863 (E.D. Mo. 1991). Defendant contends that because Plaintiff did not file this suit until February 14, 2005, or ninety-four (94) days after receipt of the right to sue letter, Plaintiff cannot maintain this cause of action.

The Court is obligated to liberally construe Plaintiff's Complaint in a light most favorable to him. *Midwestern Machinery,* 167 F.3d at 441; *Springdale Educ. Ass'n v. Springdale Sch. Dist.,* 133 F.3d 649, 651 (8th Cir.1998). As stated, Plaintiff indicated in his Complaint that November 12, 2004 was the date the letter was *received,* yet the letter itself indicates that November 12, 2004 was the date the EEOC issued and mailed the letter to Plaintiff. In considering the Complaint and the right to sue letter itself, which was attached to the Complaint and filed therewith, and all reasonable inferences that can be drawn therefrom, the Court can only conclude, at this point, that it is logistically impossible for Plaintiff to have received the letter on the same day it was issued and mailed to him. The Court further concludes that as there are no circumstances evident from the documents and pleadings now before it which plainly suggests the time of receipt of the Right to Sue letter by Plaintiff that the Motion will be denied.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss, [# 7], is denied at this time.

Dated this 9th day of August, 2005.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT COURT